FILED & ENTERED

JUN 23 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SHULAMIT SHOSHY HIMMELMAN<br><br>Debtors. | Case No.: 1:15-bk-11310-MB<br><br>**Chapter 11**<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPOINT A CHAPTER 11 TRUSTEE**<br><br><u>Hearing</u><br>Date:  July 7, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom 303<br>          21041 Burbank Blvd<br>          Woodland Hills, CA 91367 |

**TO THE DEBTOR, CREDITOR DANIEL B. RUBINSTEIN, THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

You are hereby ordered to appear and show cause why this Court should not appoint a trustee to administer this chapter 11 case, pursuant to Bankruptcy Code sections 105 and 1104(a). Any party opposing the appointment of a trustee in this case shall file, **no later than June 30, 2015, at 5:00 pm Pacific time**, a (i) written legal memorandum, of no more than 10 pages, setting

---

**OSC re DISMISSAL re JERRY PATRICK GRANT**

forth the reasons for such opposition, and (ii) any evidence in support of such opposition, and deliver such opposition and evidence by such date to: (a) the Debtor's counsel, Anthony O. Egbase A.O.E. Law & Associates, 350 S. Figueroa Street, Suite 189, Los Angeles, 90071, (b) creditor Daniel B. Rubinstein's counsel, Benjamin Nachimson, Woolf Gafni & Fowler LLP, 10850 Wilshire Boulevard, Suite 510, Los Angeles, CA 90024, and (c) the Office of the United States Trustee, Attn: Margaux Ross, 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017.

Any party opposing the appointment of a trustee in this case also shall appear at a hearing **on July 7, 2015, at 1:30 pm Pacific time**, before the undersigned United States Bankruptcy Judge, at Courtroom 303, 21401 Burbank Boulevard, Woodland Hills, California 91367 to present your arguments in opposition to such appointment.

This Order to Show Cause is based on the following:

Pending before the Court are *Creditor Daniel B. Rubinstein, M.D.'s Motion to Dismiss Chapter 11 Bankruptcy Case or, in the Alternative, Convert the Case to Chapter 7* (Dkt. 34) ("Dismiss or Convert Motion") and the *Motion of Shulamit Himmelman Seeking Turnover of Property 11 U.S.C. § 543(B)(1) and to Find Receiver and its Counsel in Contempt for Violation of the Automatic Stay* (Dkt. 14) (the "Turnover Enforcement Motion"). In connection with these motions, the parties have presented evidence suggesting that cause exists under Bankruptcy Code Section 1104(a) to appoint a trustee to administer the estate of Shulamit Shoshy Himmelman in this chapter 11 case.

Bankruptcy Code Section 1104(a) provides as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
> 
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, *either before or after the commencement of the case*, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

1
**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT APPOINT A CHAPTER 11 TRUSTEE**

```
             (2) if such appointment is in the interests of creditors, any equity security
                 holders, and other interests of the estate, without regard to the number of
                 holders of securities of the debtor or the amount of assets or liabilities of
                 the debtor.
```

11 U.S.C. § 1104(a) (emphasis added).

Section 1104(a) does not preclude the bankruptcy court from *sua sponte* appointing a chapter 11 trustee. *In re Bibo, Inc.*, 76 F.3d 256, 258 (9th Cir. 1996) ("The provision entitling a United States trustee or party to make such a request does not preclude the court from doing so sua sponte [under Section 105(a) of the Bankruptcy Code]. . . in order to protect the estate.") However, the court must provide the parties notice and a hearing. 11 U.S.C. §1104(a); *In re Bibo, Inc.*, 76 F.3d at 258. By this Order to Show Cause, the Court is providing the parties with notice of its intention, on its own motion, to appoint a chapter 11 trustee in this case.

The existence of "cause" to appoint a trustee in this case is supported by the following:

1. <u>Fraud and Dishonesty</u>.  On February 10, 2015, shortly before the commencement of this case, the California Superior Court for the County of Los Angeles entered its *Order for Relief after First Phase of Court Trial Awarding [Relief] to Plaintiff Daniel B. Rubinstein M.D. . . ."* in *Daniel B. Rubinstein, M.D. v. Doron Himmelman and Shulamit S. Himmelman, et al,* Lead Case No. BC 459 384. *See Request for Judicial Notice in Support of Motion to Dismiss Chapter 11 Bankruptcy Case or, in the Alternative Convert the Case to Chapter 7* (Dkt. 35) ("RJN") at Ex. A.  Among other things, the Superior Court found upon "clear, convincing and undisputed evidence presented at trial that [the Debtor and her husband] jointly conspired and aided and abetted each other in defrauding [Daniel Rubinstein] and in continually, serially , and deliberately breaching the fiduciary duties that [the Debtor]owed Dr. Rubinstein, as her equal co-partner in the Kester Property. . .."  The "Kester Property" refers to the residential rental property in which the Debtor and Daniel Rubinstein each assert a 50% ownership interest. Based on these and related findings by the Superior Court, it appears that the

Debtor has engaged in prepetition fraud and dishonesty, as contemplated by Section 1104.

2. <u>Incompetence and/or Gross Mismanagement</u>. According to the *Declaration of David Adatto Re: Accounting of the Real Property Located at 7410-7416 Kester Avenue Pursuant to 11 U.S.C. §543(b)(2)* (Dkt. 44), the prepetition custodian of the Kester Property reports that upon taking control of the property, he found the following adverse conditions at the property, formally managed by the Debtor, which suggest the Debtor previously failed to address matters that bear upon the habitability of the property, the health and safety of its residents, and the maximization of the value of the property: roach infestations, non-functioning air conditioner units, a sewer leak, non-operational smoke detectors, missing carbon monoxide detectors, interior mold, missing window screens and windows, plumbing leaks and non-functioning electrical outlets. Based on these circumstances, it appears that the Debtor is either incompetent or has grossly mismanaged her rental property, which is a significant asset of the estate.

Additionally, it appears to the Court that appointment of a trustee is otherwise in the interests of creditors. The prepetition custodian of the property was hired by Creditor Rubinstein, in accordance with the Superior Court's order permitting Creditor Rubinstein to manage and control the Kester Property for the purpose of satisfying the judgment debt owed to Creditor Rubinstein by the Debtor. However, Creditor Rubinstein's $1.2 million judgment debt is not the only claim. The Debtor lists in her Schedules of Assets and Liabilities over $500,000 in secured debts (as to which there may or may not be deficiency claims) and over $43,000 in unsecured debts. Further, the Debtor has commenced an adversary proceeding, seeking to avoid as a preferential transfer the judgment lien granted to Creditor Rubinstein in the Debtor's interest in the Kester Property. Such avoidance, if warranted (the Court makes no finding one way or the other), might inure to the benefit of unsecured creditors generally. In light of the circumstances, appointment of a disinterested trustee to examine the merits of bringing such an action and the

3

**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT APPOINT A CHAPTER 11 TRUSTEE**

feasibility of a chapter 11 plan (even if the plan is a liquidating plan) will protect the interests of all of the Debtor's unsecured creditors.

### 

Date: June 23, 2015

Martin R Barash
United States Bankruptcy Judge